No. 12,453.

Wilkins *v.* The People.

Decided October 28, 1929.

Messrs. Strachan & Horn, for plaintiff in error.

Mr. Robert E. Winbourn, Attorney General, Mr. E. J. Plunkett, Assistant, for the people.

*In Department.*

Mr. Chief Justice Whitford delivered the opinion of the court.

The plaintiff in error, hereafter called the defendant, was sentenced to the state penitentiary for a term of not less than one and a half years, nor more than three years, on the verdict of guilty of a second offense for the violation of the intoxicating liquor statutes. There is no dispute as to the former conviction of the defendant of unlawfully keeping and having in his possession intoxicating liquor. The instant case is for the unlawful selling of two gallons of whisky.

The sole question here, on which defendant relies for reversal of the judgment rendered below, is the insufficiency of the evidence. The other assignments of error have been expressly waived by the defendant.

The people's chief witness, Eldon Nixon, testified, that he was a deputy sheriff, charged with the special duty, by the sheriff, of detecting and bringing to justice violators of the liquor law; that he called at the rooms of the defendant in his rooming house, and asked Wilkins if he could sell him a quantity of liquor; that defendant said that he did not handle it himself, but that he would try to get a man who probably would, and, after holding a telephone conversation, told the witness to return at five o'clock; that later he returned to the rooms of the defendant, and met the defendant and Clyde Wason; that, at the instance of the defendant, the witness, in his own automobile, in company with the defendant, drove out on the Pueblo road on the outskirts of town, parked his car and waited about ten minutes, when Clyde Wason came up in his Ford coupe and handed a quantity of liquor to Wilkins, which Wilkins, in turn, handed to the witness, and thereupon Nixon handed to the defendant $24 in cash. Immediately thereafter Wilkins left for town with Wason, in the Ford car. The witness brought the liquor to town, and turned it over to Sheriff Jackson.

The testimony shows that the liquor was delivered to the witness in two one-gallon jugs. The witness said that he tasted the contents of the jugs, and knew that the jugs contained whisky. The jugs and the whisky were properly identified by Nixon and the sheriff, and thereafter received in evidence and marked as exhibits on the trial.

■ ■ If true, this evidence on behalf of the people was sufficient to sustain the conviction. There is direct and irreconcilable conflict between the testimony of Nixon and the testimony of defendant, concerning the events and circumstances of the sale of the liquor. The court submitted the controverted questions to the jury,

under proper instructions, to which no objections or exceptions were taken. The credibility of witnesses and the weight to be given to testimony was exclusively for the jury, and the jury, it seems accepted the testimony of the people, as true, and rejected the testimony of the witnesses of the defendant, as untrue, and returned a verdict accordingly. The verdict so returned thereafter received the approval of the trial judge, who had the same opportunity as the jurors to see and hear the witnesses, and whose duty it was to approve or disapprove the verdict of the jury when passing upon the motion for a new trial. In this state of the record we cannot disturb the judgment of the court below.

Judgment affirmed.

MR. JUSTICE ADAMS, MR. JUSTICE CAMPBELL and MR. JUSTICE MOORE concur.